IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Corey A. Cline, | Case No. 3:14 CV 1678 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Bill Cruise, etc. et al., | |
| Defendants. | |

### INTRODUCTION

*Pro se* Plaintiff Corey Cline files this 42 U.S.C. § 1983 action seeking monetary damages against North Central Correctional Institution ("NCCI") Sergeant Bill Cruise and Ohio Department of Rehabilitation and Correction Chief Inspector Gary Croft. Plaintiff alleges Cruise used excessive force in removing handcuffs, and Croft denied Plaintiff due process by failing to inform him of the results of his use-of-force complaint against Cruise.

### BACKGROUND

Plaintiff, a former inmate at NCCI, alleges Cruise came to his cell on February 28, 2014 to remove one of his cell mates, inmate Graham. Officers handcuff all the inmates in the cell when any inmate in the cell requires extraction. Pursuant to this practice, Cruise handcuffed the inmates in the cell, including Plaintiff, and asked them to step out into the hallway. When Graham was removed, Plaintiff was asked to step back into the cell. He complied and placed his hands through the food slot

in the door for Cruise to remove the handcuffs. Plaintiff alleges Cruise grabbed his thumb, bent it back and continued to apply pressure to it. Officer Skeens approached the cell to investigate the commotion and took over the task of removing the handcuffs. Plaintiff contends his wrist and hand were bruised, and extremely painful. Plaintiff filed a use-of-force complaint against Cruise. Cruise filed a conduct report against Plaintiff. Plaintiff does not indicate the charges brought against him, nor the outcome of the disciplinary proceedings. He claims he was not told the results of the use-of-force investigation.

Plaintiff asserts two Section 1983 claims for relief. First, he claims he was subjected to excessive force by Cruise. Second, he claims Croft denied him due process when he did not disclose to Plaintiff the resolution of his use-of-force complaint.

### STANDARD FOR DISMISSAL

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). An action has no arguable basis in law when a defendant is immune from suit or when a plaintiff claims a violation of a legal interest which clearly does not exist. *Id.* An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

When determining whether the plaintiff has stated a claim upon which relief can be granted, a court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough fact to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff's

2

obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. Although a complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id*.

## ANALYSIS

### Excessive Force

Plaintiff's first claim is for use of excessive force. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The Eighth Amendment, therefore, prohibits conduct by prison officials that involves "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346).

The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). Routine discomforts of prison life do not suffice. *Id.* A plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* at 9. Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id*. A prison official violates the

Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

In the excessive-force context, society's expectations are heightened. When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated. *See Whitley*, 475 U.S. at 327. This is true whether or not significant injury is evident. That is not to say that every hostile touch by a prison guard gives rise to a federal cause of action. *See Hudson*, 503 U.S. at 8–10. When analyzing a claim for use of excessive force, the court must determine whether the officer acted in a good faith effort to maintain or restore discipline, or whether he acted maliciously and sadistically to cause harm. *Id.* at 8.

At the pleading stage, Plaintiff need only allege sufficient facts to state a claim plausible on its face to surpass 28 U.S.C. § 1915(e). A claim has facial plausibility when a plaintiff pleads enough factual content to allow the court to draw the reasonable inference a defendant is liable for the misconduct alleged. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Based on the allegations in the Complaint, Plaintiff has met this basic pleading requirement for his excessive-force claim against Defendant Cruise.

**Due Process**

The same cannot be said for his due process claim against Defendant Croft. The Due Process Clause prohibits a state from depriving "any person of life, liberty, or property, without due process of law." By its terms, procedural due process protections apply only to the deprivation of liberty or property interests. *See Bd. of Regents v. Roth*, 408 U.S. 564, 569 (1972). Plaintiff has no protected interest in participating in the use-of-force investigation against an officer beyond filing a complaint. *Howard ex rel. Estate of Howard v. Bayes*, 457 F.3d 568, 575 (6th Cir. 2006). This is an internal investigation of prison personnel which may or may not result in discipline to the officer in question.

While Plaintiff may receive some satisfaction from knowing Cruise received disciplinary action, the benefit a third party may receive from having someone else investigated or prosecuted does not trigger protections under the Due Process Clause. *Id.* Plaintiff's due process claim against Defendant Croft is dismissed.

## CONCLUSION

Accordingly, Plaintiff's due process claim against Defendant Croft is dismissed pursuant to 28 U.S.C. § 1915(e), and Defendant Croft is dismissed from this case. This action shall proceed against Defendant Cruise on the Eighth Amendment excessive-force claim. The Clerk's Office shall forward the appropriate documents to the U.S. Marshal for service of process and shall include a copy of this Order in the documents to be served upon Defendant Cruise.

Further, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from its decision dismissing Defendant Croft could not be taken in good faith.

IT IS SO ORDERED.

                                                          s/ *Jack Zouhary*
                                                          JACK ZOUHARY
                                                          U. S. DISTRICT JUDGE

                                                          January 7, 2015