IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **COREY A. CLINE,** | Case No. 3:14 CV 1678 |
| Plaintiff, | REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| v. | |
| **BILL CRUISE,** | MAGISTRATE JUDGE JAMES R. KNEPP II |
| Defendant. | |

## INTRODUCTION

On July 31, 2014, Plaintiff Corey Cline ("Plaintiff") filed a complaint under 42 U.S.C. § 1983 against Defendant Sergeant Bill Cruise ("Defendant") and Gary Croft – Chief Inspector of Ohio Department of Rehabilitation and Corrections. (Doc. 1). The complaint alleged Eighth Amendment-excessive force and due process violations. (Doc. 1). On January 1, 2015, the district judge dismissed Plaintiff's due process claim and consequently dismissed Gary Croft from the suit pursuant to 28 U.S.C. § 1915(e). (Doc. 9).

Defendant filed a motion for summary judgment on November 11, 2015. (Doc. 21). Plaintiff did not file an opposition to the motion. Instead on March 21, 2016, he filed a motion to stay proceedings to allow him an opportunity to respond to Defendant's motion for summary judgment. (Doc. 23). He also filed a motion to compel production of a videotape of the incident and Defendant's disciplinary file on March 18, 2016. (Doc. 22). These motions were denied in a separate order of the Court.

The Court has jurisdiction under 28 U.S.C. § 1331. This matter has been referred to the undersigned for a Report and Recommendation pursuant to Local Rule 72.2(b). (Non-document

entry dated January 14, 2015). For the following reasons, the undersigned recommends the motion for summary judgment be granted.

## FACTUAL BACKGROUND

Plaintiff, a former inmate at North Central Correctional Institute ("NCCI"), alleges Defendant came to his cell on February 28, 2014, to remove one of his cellmates, inmate Graham. (Doc. 1, at 3). Prior to the removal of Graham, Plaintiff and his other cellmate were handcuffed behind their backs by Defendant, which is standard procedure prior to any removal. (Doc. 1, at 3). They were asked to step into the hallway while Graham was removed; then, Plaintiff was asked to step back into his cell. (Doc. 1, at 3). He complied and placed his hands through the food slot in the door to allow the Defendant to remove the handcuffs. (Doc. 1, at 3). Plaintiff alleged the Defendant grabbed his thumb, bent it backward, and continued to apply pressure to it. (Doc. 1, at 3). Defendant asserted he grabbed Plaintiff's thumb and applied pressure because Plaintiff was pulling away from him while he was attempting to uncuff Plaintiff. (Doc. 21-3). Subsequently, Officer Skeens took over the task of removing the handcuffs while Defendant continued to hold onto Plaintiff's thumb. (Doc. 1, at 4; Doc. 21-2).

Plaintiff contends his wrist and hand were bruised and extremely painful. (Doc. 1, at 4). Plaintiff was taken to the clinic following this incident; the medical records noted reddening on the inside of his left wrist approximately one centimeter in size, no other discolorations, no skin breaks, and full range of motion. (Doc. 21-4). Plaintiff received no treatment for his complaint. (Doc. 21-4). There are no further medical records available because Plaintiff did not respond to multiple discovery requests by Defendant for authorization to release his medical records from his current place of incarceration. (*See* Doc. 25-1).

Plaintiff filed a use-of-force complaint against Defendant; Defendant and Officer Skeens both filed conduct reports related to the incident. (Doc. 1, at 4; Doc. 21-2). These reports were reviewed by Defendant's superiors at the prison and it was determined Defendant's actions were appropriate. (Doc. 21-2).

## STANDARD OF REVIEW

Pursuant to Federal Civil Rule 56(a), summary judgment is appropriate where there is "no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." *Id.* Importantly, a disputed fact is only material if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When considering a motion for summary judgment, the Court must draw all inferences from the record in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, the non-moving party must do more than "simply show that there is some metaphysical doubt as to the material facts." *Id.* at 586.

The Court is not permitted to weigh the evidence or determine the truth of any matter in dispute; rather, the Court determines only whether the case contains sufficient evidence from which a jury could reasonably find for the non-moving party. *Anderson,* 477 U.S. at 248–49. This burden "may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

## ANALYSIS

Defendant argues that Plaintiff's single remaining claim for excessive force under the Eighth Amendment is unsupportable and fails as a matter of law. (Doc. 21-1, at 6).

*Excessive Force under the Eighth Amendment*

All post-conviction excessive force claims are to be raised "exclusively under the Eighth Amendment's cruel and unusual punishment clause." *Cornwell v. Dahlberg*, 963 F.2d 912, 915 (6th Cir. 1992). The Eight Amendment prohibits punishments that "'involve the unnecessary and wanton infliction of pain,' including inflictions of pain that 'are totally without penological justification.'" *Lockett v. Suardini*, 526 F.3d 866, 875 (6th Cir. 2008) (citing *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981)). However, a "good faith use of physical force may be necessary to maintain prison security and discipline." *Williams v. Browman*, 981 F.2d 901, 905 (6th Cir. 1992). Thus in analyzing these claims, courts must determine "whether [the] force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillan*, 503 U.S. 1, 7 (1992) (discussing *Whitley v. Albers*, 475 U.S. 312 (1986)).

This same standard is applied regardless of the quantum of injury sustained. *Id.* In fact, the extent of the injury suffered may suggest whether the use of force was necessary or a wanton infliction of pain. *Id*. An "absence of serious injury is therefore relevant to the Eighth Amendment inquiry, but does not end it", *id*. at 7; a *de minimis* use of physical force is excluded from constitutional recognition provided that it is not "repugnant to the conscience of mankind." *Id*. at 9-10.

A claim alleging a violation of the Eighth Amendment has both an objective and a subjective component. *Santiago v. Ringle,* 734 F.3d 585, 590 (6th Cir. 2013). First, "[t]he subjective component focuses on the state of mind of the prison officials." *Cordell v. McKinney*, 759 F.3d 573, 580 (6th Cir. 2014). Second, "[t]he objective component requires the pain inflicted to be 'sufficiently serious.'" *Id*. This objective prong is "responsive to 'contemporary standards

4

of decency.'" *Id.* citing *Hudson*, 503 U.S. at 8. Either prong may be evaluated first. *Pearson v. Callahan,* 555 U.S. 223, 227 (2009).

*Subjective Prong*

In determining whether Defendant had a culpable state of mind, the court may consider "such factors as the need for the application of force, the relationship between the need and the amount of force [ ] used, [and] the extent of the injury inflicted," as well as "the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them". *Whitley*, 475 U.S. at 321. In evaluating Defendant's actions the Court is mindful that "prison officials 'must make their decisions in haste under pressure, and frequently without the luxury of a second chance.'" *Combs v. Wilkinson*, 315 F.3d 548, 556 (6th Cir. 2002). Therefore, "[t]he issue is…not whether the force was absolutely necessary in hindsight, but whether the use of force could plausibly have been thought necessary…" *Griffin v. Hardrick*, 604 F.3d 949, 954 (6th Cir. 2010).

First, Defendant argues he grabbed Plaintiff's thumb in an effort to maintain control of him while he was attempting to remove Plaintiff's handcuffs. Defendant averred that had Plaintiff been successful in pulling away from him, it could have created a dangerous situation because Plaintiff would be in possession of the handcuff key which could be used as a weapon. (Doc. 21-3). Defendant's explanation of his use of force provides an institutional justification for his action and was found to be an appropriate response by his superiors. *See Pelfrey v. Chambers*, 43 F.3d 1034, 1037 (6th Cir. 1995). Further, Defendant's version of events was backed up by Officer Skeens who reported Plaintiff was attempting to pull away from Defendant while he was removing the handcuffs. (Doc. 21-2). Even reviewing the evidence in the light most favorable to the Plaintiff, i.e., that Plaintiff did not attempt to pull away from Defendant, it is not

enough to overcome the deference granted to prison officials, who only must prove that at the time, the use of force was plausibly necessary. *See Griffin*, 604 F.3d at 954. Defendant has provided a reasonable and plausible justification for the force employed.

Second, the amount of force utilized by Defendant was rationally related to the situation that brought it about. Plaintiff alleged Defendant grabbed his thumb, bent it backward, and applied pressure to it; actions that Defendant admitted. However, in light of the proffered justification for this action, the force utilized was minimal. *See Lockett,* 526 F.3d at 876 (finding shoving, grabbing, and bending back two fingers of a prisoner required only minimal force and was reasonably related to controlling the prisoner). Additionally, once the handcuffs had been removed by Officer Skeen the thumb grab ceased and no further force was used.

Third, no injury resulted from this use of force. Plaintiff was immediately transported to the clinic following the incident but there was no visible injury aside from reddening of the skin approximately one centimeter in size. Otherwise, Plaintiff had no discolorations, no skin breaks, and full range of motion. No treatment was prescribed at the time and there is no evidence that Plaintiff is currently treating for anything related to this incident. While this is not dispositive, the extent (or rather, the non-existence) of injury certainly weighs against a finding that Defendant acted wantonly toward Plaintiff.

In sum, the actions of Defendant were reasonably justified and a measured use of force resulted in minimal injury to Plaintiff. Considering these factors, the Court cannot find that a reasonable juror would conclude Defendant's use of force to be malicious or wanton.

*Objective Prong*

Furthermore, Plaintiff cannot satisfy the objective prong of an excessive force claim. The objective prong requires the Court to analyze whether a reasonable jury could conclude that the

6

pain inflicted was sufficiently serious to offend contemporary standards of decency. *See Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011). Here, no reasonable jury could find that Defendant's use of force was objectively harmful enough to violate contemporary standards of decency; the only mark was a small reddening of the skin, certainly not an injury Plaintiff would seek medical treatment for in outside society. Objectively, Plaintiff could not establish a constitutional violation based on the limited use of force employed here.

### CONCLUSION AND RECOMMENDATION

Ultimately, the allegations in this case do not support a claim for excessive force under the Eighth Amendment. The only evidence of Plaintiff's version of events is what is contained in the pleadings; otherwise, he provided no discovery, disclosures, or argument related to the incident. To the contrary, Defendant has demonstrated an absence of evidence to support Plaintiff's case, largely shown by the lack of physical injury, while at the same time providing a reasonable justification for the use of force. Thus, Plaintiff's case lacks significant probative evidence to meet either the objective or subjective prong required for an Eighth Amendment violation. For the reasons stated above, the Court recommends Defendant's motion for summary judgment be granted.

s/James R. Knepp, II
United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time *WAIVES* the right to appeal the Magistrate Judge's recommendation. *See U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

7